NEW YORK,
October, 1814.

RAMSAY
v.
GARDNER.

RAMSAY *against* GARDNER.

THIS was an action of *assumpsit*, tried at the *Schenectady* circuit, in *September*, 1813. The plaintiff's demand consisted of money paid for *postages*, protests, &c. of a bill of exchange; and also 20 pounds sterling, or 88 dollars and 88 cents damages, paid thereon, with interest.

The defendant objected to the charges of damages and expenses on the bill of exchange, as being inadmissible under the plaintiff's declaration, which contained only the money counts; but the judge overruled the objection.

The defendant being in want of money, applied to the plaintiff, to inform him how he should draw one hundred pounds from a relation in *Scotland*. The plaintiff advised him to draw a bill of exchange, in favour of the plaintiff, for that amount, on the person in *Scotland*, and send the same to him, and he would forward it; and as soon as advice was received of the payment of the bill, the plaintiff would pay him the money. The defendant, accordingly, drew the bill, which the plaintiff endorsed and negotiated. The bill being returned protested, on the 1st of *October*, 1806, for non-payment, the plaintiff, as endorser, had to pay 20 per cent damages, with the charges of protest.

On the 28th of *March*, 1808, the defendant, who resided at *Charleston*, wrote to the plaintiff, at *Albany*, saying, " Your's coming to hand last week; it troubles me much, that, at present, it is out of my power to advance money. I am doing every thing in my power to satisfy all demands against me, and hope I shall soon have it in my power so to do."

It was also proved, that the defendant had admitted that he applied to the plaintiff to negotiate the bill for him, and that it came back protested, of which he had due notice, and that the plaintiff had paid the 20 per cent damages, and the expenses on the protest; but he objected to paying the 20 per cent damages.

The defendant insisted, that the plaintiff was not entitled to recover: 1. Because it did not appear that the plaintiff was authorized to sell the bill in market; and that, if he did so, and

A. applied to B. for his advice how to draw a sum of money from *Scotland*; and, according to B.'s advice, drew a bill of exchange in favour of B., who endorsed, and negotiated it; and the bill being returned protested, B. had to pay the 20 per cent damages, and charges of protest.

It was held, that B., having acted as the agent of A., and in good faith, without any view to his own benefit, was entitled to recover of A. the damages and expenses so paid by him, as so much money paid for the use of A.

thereby became liable to pay the damages on its being pro-tested, it was his own fault, and he ought to bear the loss; nor was the bill given in payment of any preëxisting debt.

2. That the damages could not be recovered in this action on the money counts only; but the plaintiff should have brought a special action on the case.

A verdict was taken for the plaintiff for the amount of his demand, subject to the opinion of the court on a case containing the above facts.

The case was submitted to the court without argument.

THOMPSON, Ch. J. delivered the opinion of the court. It is evident, from the facts stated in the case, that the plaintiff, in the negotiation of the bill of exchange, acted as the mere agent of the defendant, without any expected benefit to himself; and it was an agency, too, of the most unlimited discretion. Application was made by the defendant to him for advice and direction how the money should be drawn for, and the mode adopted was that suggested by the plaintiff. Nothing particularly appears to have passed between the parties, as to the manner in which the bill was to be disposed of; whether to be sold here by the plaintiff or not. But it appears to be admitted that the plaintiff acted in good faith, and without any view to his own benefit, and his having made himself responsible for the damages on the bill, by reason of his endorsement, was solely for the accommodation of the defendant; it would be most unreasonable and unjust that he should not have a remedy over against the defendant for the damages so paid upon the bill, and the defendant's letter of the 28th of *March*, 1808, would seem to be a recognition of the justice of this claim, and a ratification of the plaintiff's conduct in relation to the bill. The letter does not expressly refer to this demand, but that is fairly to be intended, as it does not appear that the plaintiff had any other claim upon him.

If the defendant is at all liable, it must be on the ground that the plaintiff acted as agent in this business, and has paid these damages upon this returned bill, in his character as agent. If so, it was money paid for his principal; and this is the light in which the transaction must be viewed. No objection, there-

fore, can be made to the form of the action. The plaintiff must have judgment for 134 dollars and 42 cents.

Judgment for the plaintiff.