## HENDERSON v. SEVEY.

Where a shipmaster received divers casks of lime on freight consigned to him for sales, which had been duly inspected and branded, and were represented by the owner as good lime, and accordingly sold as such by the master,— but in fact were filled with substances of little or no value,—whereupon he was sued by the vendee, and obliged to respond to him in damages;—it was held that he might recover of the owner of the lime the amount of the judgment recovered against himself, with all costs and expenses necessarily incurred in the defence, he having given the owner immediate notice of the commencement of such suit, and having faithfully and prudently defended it. In such action against the owner, a copy of the judgment against the master is admissible evidence, though not conclusive.

THIS was an action of *assumpsit.* The declaration contained a general count of *indebitatus assumpsit,*—one for money had and received,—and one for money laid out and expended;— and it was tried upon the general issue.

The plaintiff gave in evidence a copy of a judgment recovered against him in the Supreme Judicial Court of *Massachusetts* for the county of *Essex* by *Jonathan Conner,* [see the case *Conner v. Henderson,* 15 *Mass.* 319.] which was finally tried at *November* term, 1819, upon a count filed subsequent to the decision of the reported case, charging *Henderson* with having sold him, as and for lime, and branded as lime, certain casks containing stones, sand, and dirt, of no value. He also proved that the casks which were delivered by him to *Conner* belonged to *Sevey,* for whom he carried them in his vessel on freight, and sold them to *Conner,* and paid over to *Sevey* the nett proceeds;— that he notified *Sevey* of the commencement of *Conner's* action against him, and sent him a copy of the writ and the directions of his counsel what evidence to produce;—that *Sevey* at first furnished him with the names of several witnesses, and consulted with him as to the best method of conducting the defence, and affirmed that the lime was good; but afterwards refused to do any thing which might make him liable over to the plaintiff; —that *Sevey* was regularly advised of the progress of that cause,—that it was well and prudently defended,—that it was proved at the trial that the contents of said casks sold and rep-

resented as lime, would not slack, nor take off hair, and were of no use for plaistering or brick-work,—and that he had expended divers sums for counsel, &c. in the defence of said action, over and above the amount of the judgment recovered against him, which he had also paid.

The defendant objected to the admission of the copy of that judgment as competent evidence in this case; and that the claim of monies paid for counsel ought not to be allowed. He also proved that at one time he declared to one of the witnesses that he would not aid in the defence of said action, and that if the lime was not good the plaintiff must call on the person who burnt it, or on the inspector;—and he produced several witnesses to prove that the lime was good.

The evidence to the quality of the lime was the same which was used at the trial of the case against *Henderson* in the county of *Essex.*

Upon this evidence the Judge who presided at the trial instructed the jury that if they were satisfied that the lime belonged to the defendant, and was forwarded by him on board the plaintiff's vessel, to be sold for the defendant's account, which business the plaintiff had faithfully performed, and had paid over the proceeds;—that the suit against the plaintiff was in consequence of such sale, of which the defendant had been seasonably notified and requested to undertake the defence, or aid and assist therein;—and that in the conduct of the defence of that action the plaintiff had acted with prudence, care and fidelity,—all which seemed to be well proved or admitted;—the plaintiff was entitled to recover an indemnity for all he had necessarily and inevitably lost in his business and service by reason of the bad and defective quality of the lime. And that the amount of the judgment recovered by *Conner*, with the officer's fees on the execution, and what the plaintiff had necessarily paid out in defence of that action, including counsellors' fees, with interest upon these sums,—together with such further sum for his own trouble and expenses as he proved himself to have sustained,—constituted the just measure of his damages.

In pursuance of these instructions the jury returned a verdict for the plaintiff, which was taken subject to the opinion of the whole Court upon the admissibility of the evidence, and the correctness of the Judge's instructions to the jury.

*Orr,* for the defendant, now objected that the judgment recovered in *Essex* ought not to have been admitted in evidence, because it was not conclusive, the defendant being a stranger to the suit. Nor was it a jurisdiction to which he submitted, or by which he has ever consented to be bound. The action too, in that case ought not to have been maintained being *assumpsit,*— whereas the *gist* of it was deceit. But if the plaintiff *has* a remedy, it is not against this defendant, but should have been brought against the *inspector* of the lime, who was the original wrongdoer. If the judgment is conclusive, it is against *him,* and not against this defendant, who rested, as all others have done, on the faith of the brand. If it be otherwise, and the defendant be liable for *costs* also, then a multiplicity of suits will be created, which the law abhors, and each successive party, through whose hands the article may have passed, may visit upon the head of his vendor a fearful accumulation of costs, the fruit of all the previous litigation. *Spurrie v. Elderton,* 5 *Esp.* 1. *Copp v. McDougal,* 9 *Mass.* 1.

*Allen,* for the plaintiff, contended that the defendant was no stranger to the judgment in *Essex,* having been duly notified to defend the suit, in which he was the only defendant in *interest,* that of the present plaintiff being but nominal. The judgment was rightly admitted, though not conclusive, as it formed a part of the circumstances of the case, which the jury must necessarily consider.

If the plaintiff is entitled to recover any thing, he has a right to a complete indemnity ;—as well to the costs paid to the adverse party, as those incurred by himself. *Blasdale v. Babcock,* 1 *Johns.* 517. *Varney v. Dewey,* 13 *Johns.* 224. *Hamilton v. Cutts,* 4 *Mass.* 349. And the form of action is right, being the same which has been sustained against the present plaintiff.

MELLEN C. J. delivered the opinion of the Court as follows.

Two reasons have been urged in support of the motion for a new trial.

1. That the record of the judgment recovered in *Massachusetts* by *Conner* against *Henderson* was improperly admitted in evidence.

2. That the instructions of the presiding Judge to the jury were incorrect.

As *to the first* objection, it may be observed that the judgment was not admitted as *conclusive* between the parties, but only as *competent* evidence ;—and we cannot for a moment doubt that it was properly admitted. Indeed, it was the *only* admissible proof to shew that a judgment had been obtained against the plaintiff by *Conner* on the facts appearing on that record, and the amount of damages which had been recovered.—Parol evidence, if it had been offered to prove *these* facts, would have been rejected ;—the record being higher and better evidence. There is no merit in this objection.

The *second* objection opens to view *all* the instructions given to the jury ;—but, in the argument, the counsel for the defendant has principally confined himself to the opinion given as to the plaintiff's right to recover the expenses attending the trial of *Conner v. Henderson.* They were admitted to be reasonable, if a proper subject of charge in this action by way of damages. By the report it appears that nearly the same proof was used on both trials, as to the quality of the lime, and the principal facts. We apprehend that the question respecting the allowance of these expenses depends upon the circumstances under which they were incurred—if indiscreetly or unnecessarily, the plaintiff has no claim on the defendant for reimbursement ; according to the case of *Fisher v. Fellows,* 5 *Esp.* 171.—On the contrary, if he has been guilty of no negligence or fault, he has such claim.—It appears that *Henderson* when sued by *Conner,* gave immediate notice to *Sevey,* the owner of the lime,—that *he* advised in preparing the defence,—that *Henderson* defended the cause faithfully ; having had assurance from *Sevey* that the lime was good, and that he would succeed in the defence of *Conner's* action. With these facts before us we do not perceive how the plaintiff's claim for a reimbursement of the expenses can be resisted. The plaintiff has been in no fault, and fairly defended *Sevey* in the former action as far as law and evidence would justify, and under his advice and encouragement.—In *Hathaway v. Barrow & al.* 1 *Camp.* 151, the plaintiff would have been allowed to recover, by way of special damage, the costs of petition to the Chancellor, had there not then been in force an

order of the Chancellor for the payment of them, which the Court considered in that trial, as a satisfaction. And in *Sumner, ad'x. v. Williams & al.* 8 *Mass.* 222—being an action of covenant broken, the Court allowed the plaintiff, by way of damages, the expenses he had incurred in defending an action brought against him by *Dudley*, as inseparable from the claim of indemnity. See also *Ramsey v. Gardner,* 11 *Johns.* 439.

We do not think it necessary to notice particularly the objection as to the form of action. If we entertained any doubt on the subject, it is not a question raised by the report of the case, on a motion for a new trial.

On the whole, we are satisfied with the opinion and instructions of the Judge, and there must be

*Judgment on the verdict.*